THE DES MOINES STREET-RAILWAY COMPANY v. THE DES MOINES BROAD-GAUGE STREET-RAILROAD COMPANY *et al.*

Cities and Towns : REGULATION OF STREET RAILWAYS : VESTED RIGHTS : VIOLATION OF INJUNCTION : PUNISHMENT : COSTS. By a former decree of this court, the city of Des Moines, the mayor and marshal thereof, and their successors in office, were enjoined from " interfering in any way with the construction, extension or operation, by animal power, of the plaintiff's line of street railway upon any of the streets of the city of Des Moines ; provided, this decree shall not be held to operate as a restraint upon the city of Des Moines of a proper police and equitable control over the streets of said city, and the power to make reasonable regulations as to the manner of construction of said lines, the places in the streets where the same shall be located, and the character and extent of service that shall be furnished thereon." The ordinance under which plaintiff's railway was built and operated did not designate the width of track to be adopted, but plaintiff adopted a narrow-gauge track and had operated it for fifteen years. Shortly after said injunction was issued, the city passed resolutions requiring the tracks of all street railways to be of the standard or broad gauge. Under these resolutions, the mayor and marshal of the city arrested, or caused to be arrested, employes of the plaintiff while engaged in laying down an extension of its narrow-gauge track on one of the city streets. *Held*—

(1) That the city did not have the power to require the plaintiff to use the broad gauge in extending its track.

(2) That the mayor and marshal were guilty of a violation of the injunction ; but

(3) That, since they did the acts complained of only because they believed it to be their duty to do them under the resolutions and ordinances of the city, they should not be punished, except nominally, provided they will file with the clerk a written assurance that they will not again violate the injunction ; but that they must pay the costs.

The Des M. Street Ry. Co. v. The Des M. Broad Gauge R. R. Co.

*Original proceeding in this court for contempt in violating an injunction.*

FILED, JUNE 4, 1888.

*Parsons & Perry* and *Kauffman & Guernsey*, for plaintiff.

*Cummins & Wright* and *J. H. Detrick*, for defendants.

PER CURIAM.—At a prior term of this court, in certain causes therein pending, in which the plaintiff, the defendant railway company and the city of Des Moines were parties, a decree was entered enjoining and restraining the city of Des Moines, the mayor and marshal thereof, and their successors in office, from "interfering in any way with the construction, extension or operation, by animal power, of the plaintiff's line of street railway upon any of the streets of the city of Des Moines : provided, this decree shall not be held to operate as a restraint upon the city of Des Moines of a proper police and equitable control over the streets of said city, and the power to make reasonable regulations as to the manner of construction of said lines, the places in the streets where the same shall be located, and the character and extent of service that shall be furnished thereon." Subsequent to entering such decree, and on the twenty-fifth day of May, 1888, when the plaintiff was engaged in laying down its railway track along and upon Grand avenue, a street in said city, the defendant, William L. Carpenter, mayor, and Alfred Jarvis, marshal thereof, interrupted and arrested, or caused to be arrested, men in the employ of plaintiff, and engaged, under its direction, in laying down said track ; and the plaintiff claims that in so doing the said Carpenter and Jarvis are in contempt of the authority and decree of this court, and the object of this proceeding is to punish them therefor. In response to a rule to show cause why they were not in contempt,

the said Carpenter and Jarvis admitted that they had caused the arrest of the employes of the plaintiff, and had interrupted and prevented it from laying down its track upon said avenue, and justified the same under and by virtue of certain resolutions of the city of Des Moines. It appears from the record that the gauge of the plaintiff's road is three and one-half feet, and that such gauge was adopted, as the plaintiffs claim, under and by virtue of an ordinance of the city, passed in 1866, granting the plaintiff the exclusive right to lay its tracks in the streets of the city, and operate the same with animal power. The ordinance failed to prescribe the gauge of the road, but it is a conceded fact that the plaintiff adopted the gauge, laid its tracks, maintained and operated the same, for the last fifteen years, without objection upon the part of the city, until the passage of the resolutions relied upon by said defendants in justification of their acts. There is nothing in the record showing that any other gauge of road was ever used or operated by the plaintiff under said ordinance. On the twenty-third day of May, 18(8, the city council passed a resolution declaring that the tracks of all street railroads occupying or desiring to occupy the streets of the city shall be so laid that the same shall be of the standard or broad gauge,—four feet eight and one-half inches wide. The declared object of this resolution was to "protect the rights of the traveling public against a great nuisance and obstruction of travel." On the succeeding day the city council adopted a preamble and certain resolutions, which are quite lengthy. The substance of the preamble, or recital of facts upon which the resolutions are based, is that the plaintiff had in many specified particulars violated the ordinance of 1866, and therefore the council, by the adoption of the resolutions last referred to, declared all rights of the plaintiff under said ordinance forfeited, and directed an action to be commenced to enforce the forfeiture, and the plaintiff was forbidden and prohibited from operating its road, or laying down any tracks in the

streets of the city. After the issuance of the rule to show cause, the city council adopted another preamble and resolutions not materially different from those last above referred to, except that the object and purpose of the council is declared to be that the forfeiture declared should not take effect until the passage of an ordinance, which is set out in the record, granting the plaintiff the right to operate its road by animal power upon certain terms and conditions materially different from the ordinance of 1866. The foregoing is a sufficient statement of the material facts, and counsel have elaborately argued the questions involved. We are pressed for, and the necessities of the case seem to require, an early decision. We therefore deem it best to briefly state our conclusions, without, for the want of time, stating our reasons therefor, or the citation of authorities in support of our conclusions.

I. Under the pleadings and issues in the actions on which the decree of this court is based, we have a clear conviction that the city, and officers thereof, were, by such decree, enjoined from interfering with or in any manner preventing the plaintiff from laying its track on Grand avenue so as to connect its system of road on the east and west sides of the Des Moines river.

II. That the resolutions passed by the city council since the rendition of the decree, and the proposed passage of the additional ordinance, affords no excuse or justification of the acts of the mayor and marshal.

III. We have not considered the right of the city to forfeit the contract, or whether the matters relied on justify the same, or whether the city has authority to forbid the laying down of any street railway in any street, or part of a street, in the city.

IV. We are of the opinion that the city does not now have the power to require the plaintiff to lay down such additional track as it may desire to, on a different gauge from that heretofore in use.

V. We are satisfied that William L. Carpenter, mayor, and Alfred Jarvis, marshal, of the city of Des

Moines, disobeyed the decree of this court, for the reason only that they believed it their duty to do so under the resolutions and ordinances of the city. Therefore they should not be punished, except nominally, provided they will not further interrupt the plaintiff in laying down its track on Grand avenue; and their assurance in writing, filed with the clerk, that they will not do so, will be regarded as sufficient. They, however, must pay costs.